# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT CARRADINE,

                      Petitioner,

v.

STATE OF WISCONSIN,

                      Respondent.

Case No. 24-CV-1092-JPS

**ORDER**

## 1. INTRODUCTION

On August 27, 2024, Petitioner Robert Carradine ("Petitioner") filed a petition for a writ of habeas corpus citing 28 U.S.C. §§ 2241 and 2254, ostensibly to claim that a state detention for non-payment of child support was imposed upon him and/or that he is being held in custody in violation of the Constitution. ECF No. 1. After screening the petition under Rule 4 of the Rules Governing Section 2254 Cases and finding that it has several problems that prevent the Court from determining whether it may proceed, the Court will grant Petitioner leave to amend his petition.

## 2. FACTUAL BACKGROUND

The petition relates to a child support enforcement action in Wisconsin state court. *Id.* at 1, 8 (citing *In re the Paternity of C.J.*, Racine County Case No. 2019PA000565PJ, *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2016PA000565PJ&countyNo=51&index=0 (last visited Sept. 4, 2024) (hereinafter "the State Child

Support Action"[1])); *see also Jones v. Carradine*, No. 2022AP1719, 2024 WL 3289495 (Wis. Ct. App. July 3, 2024). In 2017, Petitioner was adjudicated the father of C.J., and C.J.'s mother was initially awarded sole legal custody and primary physical placement of C.J. *Carradine*, 2024 WL 3289495, at *1 (citing State Child Support Action, Aug. 29, 2017 order). Petitioner was ordered to make monthly child support payments. *Id.* (citing same) However, he fell behind on those payments and by January 2018 owed significant arrears. State Child Support Action, Jan. 10, 2018 docket entry. A contempt hearing took place a few days later, wherein "[a] stipulation and order of finding of contempt and commitment (stayed) was reached." *Id.*, Jan. 19, 2018 docket entry.

In early 2021, Petitioner sought to modify legal custody, physical placement, and child support. *Id.*, Feb. 3 and Mar. 12, 2021 docket entries. In July of the same year, a court commissioner heard the motion, modified custody and placement (temporarily giving Petitioner joint custody of C.J. and placement at specified times), and set the matter for further review. *Id.*, July 13, 2021 docket entry; *Carradine*, 2024 WL 3289495, at *1 & n.5. However, in June 2022, the state court restored sole custody of C.J. to C.J.'s mother and ordered Petitioner's time with C.J. to take place under supervision. State Child Support Action, June 1, 2022 docket entry.

In September 2022, the state court heard the merits of Petitioner's motion, including taking testimony and gathering evidence, and denied the motion. *Id.*, Sept. 20, 2022 docket entry. The state court ordered that C.J.'s mother continue to have sole custody and primary placement and that

---

[1]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

Petitioner continue with supervised placement. *Id.* It also ordered that Petitioner "'ha[ve] a full psychological evaluation' and 'follow[] through with any treatment recommendations'" and to "'participate[] in a certified batterers treatment program.'" *Carradine*, 2024 WL 3289495, at *1 (quoting State Child Support Action order pursuant to Sept. 20, 2022 hearing).

Petitioner appealed, and the Wisconsin Court of Appeals summarily affirmed the trial court's rulings. State Child Support Action, Oct. 7, 2022 and July 3, 2024 docket entries; *Carradine*, 2024 WL 3289495, at *2. On appeal, Petitioner "cite[d] . . . various state and federal statutes, legal decisions, and constitutional provisions" to argue that

> the court should have granted him fifty percent "custody." Carradine maintain[ed] that parents have a "fundamental and statutory right to assume equal periods of placement" and by granting sole legal custody and primary placement with [C.J.'s mother], the court violated his right to equal placement. He . . . also assert[ed] that the court was biased against him and failed to 'prove' he is an unfit parent or harmful to the child.

*Carradine*, 2024 WL 3289495, at *2 (footnote omitted). The Wisconsin Court of Appeals found that Petitioner had "failed to develop any legal arguments to demonstrate how the [trial] court may have erred" and accordingly affirmed the court below without addressing the substance of Petitioner's arguments. *Id.* Petitioner did not appeal the appellate court's rulings to the Wisconsin Supreme Court. *See Christian Danielle Jones v. Robert Ezell Carradine*, Appeal No. 2022AP001719, *available at* https://wscca.wicourts.gov/appealHistory.xsl?caseNo=2022AP001719&cacheId=314B3E03F00698DAA54DDD0B13F7E185&recordCount=1&offset=0&linkOnlyToForm=false&sortDirection=DESC (last visited Sept. 4, 2024).

In summer 2024, Petitioner was ordered to show cause, presumably for non-payment of child support, and appeared for a show cause hearing. State Child Support Action, June 10 and July 23, 2024 docket entries. At the hearing, he was provided information about seeking representation from the Wisconsin State Public Defender "as [the] possibility exists that [Petitioner] could be placed into custody." *Id.*, July 23, 2024 docket entry. A contempt hearing was scheduled for August 16, 2024. *Id.* In later correspondence with the state court, Petitioner indicated that "he has caught up" and "is now current" with his child support payments and asked if the contempt hearing could be removed from the court calendar, but the court did not do so. *Id.*, Aug. 6, 2024 docket entry. Petitioner appeared for the contempt hearing as scheduled, and the state court noted that "payment came in" but set the case over for an additional contempt hearing on November 8, 2024. *Id.*, Aug. 16, 2024 docket entry. The docket entries for these hearings do not indicate that Petitioner is in custody, and the address listed for him appears to be a residential address.

In the instant petition for habeas corpus, Petitioner purports to "challeng[e] the legality of [his] detention" in the State Child Support Action and "assert[s] that [his] imprisonment for non-payment of child support involves constitutional violations that warrant federal review." ECF No. 1 at 1. Specifically, he argues that Wisconsin laws giving a child's mother sole custody of the child when the parents are not married and tying the amount of child support that a non-custodial parent owes to "the amount of time [the] parent spends with the child," *id.* at 2 (citing Wis. Stat. § 767.82(2m)), violate his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, his right to a "fair trial under the Sixth Amendment," his right to be free from cruel and unusual punishment

under the Eighth Amendment, and his right to religious expression under the First Amendment. *Id.* at 2–3, 7. As a result, he believes that his incarceration due to non-payment of child support was unconstitutional. He takes further issue with certain comments that the state court judges made to him during the state court proceedings. *Id.* at 4–5.

In addition to 28 U.S.C. §§ 2254 and 2241, he cites a wide array of federal statutes, including but not limited to 42 U.S.C. § 1983 (the civil rights statute) and 28 U.S.C. §§ 1331 and 1367 (the statutes defining federal-question jurisdiction and federal courts' supplemental jurisdiction over state law claims). *Id.* 1–2. He asserts that he has "exhausted all available state remedies." *Id.* at 2.

For relief, Petitioner seeks "release from unlawful detention," that the Court "[g]rant joint custody of [C.J.]" to him, and monetary damages for "emotional stress and health issues caused by" the state court proceedings. *Id.* at 8. He also seeks a jury trial on his claims. *Id.*

3.   **SCREENING THE PETITION**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[2] Thus, Rule 4

---

[2]Petitioner has cited two habeas statutes: 28 U.S.C. §§ 2254 and 2241. Petitions under § 2254 challenge custody pursuant to "the judgment of a [s]tate court" whereas petitions under § 2241 challenge custody where a judgment has not been entered.

The petition is probably best understood as proceeding under § 2254, because Petitioner is subject to a state court judgment related to paternity, custody, placement, and child support. *Jacobs v. McCaughtry*, 251 F.3d 596, 697–98 (7th Cir. 2001) (collecting cases and explaining that "§ 2254 is the vehicle for prisoners in custody pursuant to the *judgment* of a state court, but not those in state custody for

provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has exhausted available state remedies, avoided procedural default, and set forth cognizable and non-frivolous claims.

Here, there are several reasons that could warrant the Court's dismissal of the petition; however, in the interest of construing filings to do substantial justice, the Court will grant Petitioner leave to amend his petition to address these issues. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("All pleadings shall be so construed as to do substantial justice." (quoting Fed. R. Civ. P. 8(f))). If the Court does not receive an amended petition by the deadline stated below, this action will be dismissed without prejudice. If Petitioner files an amended petition, the Court will screen it in accordance with Rule 4.

First, the petition may be barred for failure to satisfy the "in custody" requirement of §§ 2241 and 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (citing §§ 2241(c)(3) and 2254(a)). "Over time, the Supreme Court has broadened the definition of 'in

---

some other reason, such as preconviction custody"). On the other hand, the vast majority of § 2254 petitions challenge custody pursuant to judgments of conviction in criminal cases, and Petitioner's state case is a civil, not a criminal, matter—so § 2254 may be an imperfect fit.

Regardless of which statute provides the proper basis for Petitioner to bring his claims, the Rule 4 screening process applies to petitions for habeas corpus raised under either statute. Rule 1(b) of the Rules Governing Section 2254 Cases.

custody' to include more than physical confinement in a jail or prison; it has held, for example, that a person on parole remains 'in custody' under his unexpired sentence." *Johnson v. Boline*, No. 24-CV-842-PP, 2024 WL 3442404, at *3 (E.D. Wis. July 17, 2024) (quoting *Maleng v. Cook*, 490 U.S. 488, 491 (1989)). Notwithstanding this broad definition of custody, "habeas petitioners must establish that they are subject to conditions that 'significantly restrain . . . [their] liberty.'" *Virsnieks v. Smith*, 521 F.3d 707, 717–18 (7th Cir. 2008) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963) and citing *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973)); *see also Stanbridge v. Scott*, 791 F.3d 715, 719 (7th Cir. 2015) ("[A] habeas petitioner is not 'in custody' pursuant to a particular conviction unless his physical liberty of movement is limited in a non-negligible way . . . .").

Public records in the State Child Support Action do not establish that Petitioner is in physical custody. He has been subject to some contempt hearings and the *possibility* of being held in custody was explicitly referenced at least once (at the July 23, 2024 hearing). But it does not appear that he is or was held in custody—that is, held in jail or prison or otherwise had his physical liberty restrained—in the state matter. However, the Court will give Petitioner a chance to amend his petition to assert whether he is in custody in the State Child Support Action. If Petitioner cannot establish the "in custody" requirement, the Court does not have jurisdiction over his petition and accordingly will dismiss it. *See Stanbridge*, 791 F.3d at 718.

If Petitioner intends to argue that the mere fact of having to make child support payments is enough to satisfy the "in custody" requirement, he is wrong. "A monetary obligation in a paternity case does not render a person 'in custody' [as is] necessary for this court to have jurisdiction over

Page 7 of 13
Case 2:24-cv-01092-JPS     Filed 09/04/24     Page 7 of 13     Document 3

a *habeas* petition—especially when considering that a prisoner cannot challenge the monetary obligations imposed in their sentencing through a *habeas* petition." *Johnson*, 2024 WL 3442404, at *5 (citing *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009)); *see also Virsnieks*, 521 F.3d at 718 (collecting cases and explaining that "orders of restitution, fines[,] and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement"). Similarly, the fact that Petitioner has a contempt hearing scheduled a few months from now does not establish that he is in custody. Because "federal courts generally are obligated to abstain from interfering with ongoing state-court proceedings," the Court "cannot interfere with the [State Child Support Action] simply because its contempt proceedings *may* result in [Petitioner] being 'in custody.'" *Johnson*, 2024 WL 3442404, at *5 (citing *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007)).

Second, even if he can satisfy the custody requirement, it appears from the face of the petition that Petitioner has not fully exhausted his state court remedies. A district court may not address claims raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citing *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1131–32 (7th Cir. 1990)). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (citing *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000)). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). The exhaustion

requirement applies whether the petition proceeds under § 2241 or § 2254. *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991) (stating that while § 2241 applicants are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ" (citing *Baldwin v. Lewis*, 442 F.2d 29, 31–33 (7th Cir. 1971))).

Setting aside Petitioner's conclusory statement that he has exhausted his state remedies, public records appear to show that he did not appeal the Wisconsin Court of Appeals' order to the Wisconsin Supreme Court. Doing so is required to show exhaustion, as is showing that he raised *each* argument that he wants to pursue in his habeas petition at each level of the state courts. In any amended petition, Petitioner must state whether he appealed his case to the Wisconsin Supreme Court; if he did not do so, he must explain why not.

Third, Petitioner seeks several forms of relief that cannot be awarded in habeas. He seeks monetary damages, but "damages are not an available habeas remedy . . . ." *Nelson v. Campbell*, 541 U.S. 637, 646 (2004). He also seeks equitable relief in his request that the Court grant him joint custody of C.J., but the Court cannot grant this relief for two reasons. First, a successful habeas petition results only in vacating a state court's judgment, so even if Petitioner was successful in this case, the Court would not then order the state court to adjudicate the State Child Support Action in any particular way. Second, even if federal jurisdiction over the habeas petition is proper, the domestic-relations exception—which counsels that federal courts do not typically handle issues of family law because the state courts have "superior proficiency in addressing" them—would prevent Petitioner from seeking such relief in this Court. *Keith v. Wis. Dep't of Workforce Dev.*,

No. 21-2398, 2022 WL 741731, at *2 (7th Cir. Mar. 11, 2022) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992) and *Struck v. Cook Cnty. Pub. Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007)).

Petitioner also makes procedural requests that are not available to him in habeas. He seeks a jury trial but "[t]here is no right to a jury relative to a habeas petition; rather, the district court rules on the petition. *Ellison v. Hodge*, No. 13-CV-01186-DRH, 2014 WL 222739, at *2 (S.D. Ill. Jan. 21, 2014) (citing § 2241(a)). He seeks to proceed on behalf of C.J., a minor child, but he is a pro se party, and a parent or guardian generally "may not, without the assistance of counsel, bring suit on behalf of a minor party." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) and *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)). Petitioner must omit from any amended petition these inappropriate requests for relief and procedural requests.[3]

---

[3]The Court also puts Petitioner on notice that, should he attempt to challenge the judgment entered in the State Child Support Action in a separate civil lawsuit under 42 U.S.C. § 1983, and therein raise his claims for monetary damages and equitable relief, such a lawsuit may be subject to summary dismissal. This is because cases that "in effect, ask[] [federal courts] to order relief from state court judgments that imposed child support obligations" are jurisdictionally barred. *Rodriguez v. Lancaster Grant Cnty. Child Support Agency*, No. 23-CV-755-WMC, 2024 WL 3924576, at *2 (W.D. Wis. Aug. 23, 2024) (citing *Gilbank v. Wood Cnty. Dep't of Human Servs.*, __F.4th__, 2024 WL 3616798, at *6 (7th Cir. Aug. 1, 2024) (en banc) and *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)). Further, to the extent that the child support proceedings are ongoing, claims related thereto are barred under *Younger v. Harris*, 401 U.S. 37 (1971) and "*Milchtein v. Chisholm*, 880 F.3d 895 (7th Cir. 2018), which together hold that federal courts may not intervene in ongoing . . . state child-welfare or child-custody proceedings." *Howell v. Manitowoc Cnty. Hum. Servs.*, No. 21-CV-1069-JPS, 2022 WL 2208876, at *3 (E.D. Wis. June 21, 2022), *aff'd*, No. 22-2184, 2023 WL 6492083 (7th Cir. Oct. 5, 2023).

## 4. CONCLUSION

As stated above, Petitioner may amend his petition to address the shortcomings the Court identified above. To reiterate, if Petitioner files an amended petition, it must: (1) state whether he is currently in custody (as explained above) in the State Child Support Action; (2) state whether he appealed the rulings in the State Child Support Action to the Wisconsin Supreme Court, and if not, why; and (3) delete requests for monetary and equitable relief, for a jury trial, and to proceed pro se on C.J.'s behalf.

The Court is enclosing a copy of both the § 2241 and § 2254 habeas corpus petitions and instructions. As explained *supra* note 2, the petition does not neatly fit either mold; Petitioner may use whichever form he feels best allows him to describe his claims, but should complete and submit only **one** of the forms. Petitioner is advised that his amended petition must bear the docket number assigned to this case and must be labeled "Amended Petition." Any amended petition will supersede the original petition and must be complete in itself without reference to the original petition. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, "[t]he prior pleading is in effect withdrawn as to all matters not restated in the amended pleading . . . ." *Id.* at 1057 (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, a piecemeal amendment is not permitted. Any amended petition must therefore include *all* of the allegations and claims (including those from the original petition) that Petitioner wishes to make, in a single filing without reference to other documents. If an amended petition is received, it will become the operative petition in this action, and the Court will screen it in accordance with Rule 4.

Petitioner must file any amended petition **on or before October 4, 2024**. If Petitioner does not file an amended petition by this date, or files one that fails to comply with the Court's directives as set forth herein, this action will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Petitioner Robert Carradine may submit an amended petition **on or before October 4, 2024**; failure to submit an amended petition by this date, or failure to file an amended petition that complies with the Court's directives as set forth herein, will result in dismissal of this action without prejudice; and

**IT IS FURTHER ORDERED** that the Clerk of Court mail Petitioner blank "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 By a Person in Custody" and "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 By a Person in State Custody" forms along with this Order.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 12 of 13
Case 2:24-cv-01092-JPS   Filed 09/04/24   Page 12 of 13   Document 3

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.